**WO**  MW

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Montoya Ruiz, | No. CV-20-01026-PHX-SPL (CDB) |
| Petitioner, | |
| v. | **ORDER** |
| William P. Barr, et al., | |
| Respondents. | |

Petitioner Manuel Montoya Ruiz (A# 200-898-134), who is detained in the CoreCivic La Palma Correctional Center, has filed, through counsel, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1), a Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 5), and a Motion for Order to Show Cause (Doc. 6) seeking the immediate entry of a removal order so that he can be released and removed from the United States.

Petitioner claims that despite a stipulation to waive his removal hearing and to enter a stipulated removal order submitted by Petitioner's counsel and the United States Department of Homeland Security ("DHS"), the Executive Office for Immigration Review ("EOIR") "refused to order Petitioner's removal without [Petitioner's] presence at a hearing," and then sua sponte continued his removal hearing to June 15, 2020. (Doc. 1 ¶ 3.) Petitioner claims his continued detention violates the Due Process Clause of the Fifth Amendment and asks the Court to order Respondents to provide him with a stipulated removal order within five days, or alternatively, to provide Petitioner with a hearing within

five days for the purpose of issuing a removal order at which Petitioner's presence can be waived if Respondents are unable to arrange his appearance.

The Court will require Respondents[1] to answer the Petition and to file an expedited response to Petitioner's Motions.

**IT IS ORDERED:**

(1) Respondents McHenry and Feldman are **dismissed without prejudice**.

(2) The Clerk of Court shall **email** a copy of this Order to the United States Attorney for the District of Arizona, to the attention of Peter M. Lantka at peter.lantka@usdoj.gov, Mary Finlon at mary.finlon@usdoj.gov, and Elizabeth Kay Sichi at elizabeth.sichi@usdoj.gov, and to Petitioner's counsel, Ahren John Richter, at ahren@matthewthomaslaw.com.

(3) The Clerk of Court shall **serve**: (1) a copy of the Summons, (2) the Petition for Writ of Habeas Corpus (Doc. 1), (3) the Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 5), (4) the Motion for Order to Show Cause (Doc. 6), and (5) this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure.  The Clerk of Court shall also send by certified mail a copy of the Summons, the Petition, the Motions, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents Barr, Wolf, and Carter pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

---

[1] Petitioner names United States Attorney General William Barr, Acting DHS Secretary Chad Wolf, Acting United States Immigration and Customs Enforcement Phoenix Field Office Director Albert Carter, EOIR Director James McHenry, and Assistant Chief Immigration Judge Irene C. Feldman as Respondents.  Under the rationale articulated in *Armentero, infra*, and in the absence of authority addressing who is the proper respondent in immigration habeas corpus proceedings under § 2241, the Court will not dismiss Respondents Barr, Wolf, and Carter or the Petition for failure to name a proper respondent at this stage of the proceedings.  *See Armentero v. INS*, 340 F.3d 1058, 1071-73 (9th Cir. 2003) (finding the DHS Secretary and the Attorney General were proper respondents), *withdrawn*, 382 F.3d 1153 (9th Cir. 2004) (order); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (declining to resolve whether the Attorney General is a proper respondent in an immigration habeas corpus petition).  However, the Court will dismiss Respondents McHenry and Feldman because the rationale articulated in *Armentero* would not extend to them.

(4) Respondents Barr, Wolf, and Carter shall have until **June 3, 2020** to file a response to the Motion for Preliminary Injunction and/or Temporary Restraining Order (Doc. 5) and Motion for Order to Show Cause (Doc. 6). Petitioner shall have until **June 5, 2020** to file a Reply to Respondents' Response. The Court will set a hearing on the Motions by separate order if necessary.

(5) Respondents shall have **30 days** from the date of service to answer the Petition for Writ of Habeas Corpus (Doc. 1). Respondents shall not file a dispositive motion in place of an answer absent leave of Court. Petitioner shall have **15 days** from the filing of Respondents' Answer to the Petition to file a Reply.

(6) Petitioner must immediately file a "Notice of Change in Status" if there is any material change in Petitioner's immigration or custody status. Any request for relief must be made by separate motion and may not be included in the Notice.

Dated this 28th day of May, 2020.

Honorable Steven P. Logan
United States District Judge